UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.: 08-168 (RMC) |
| : | |
| LAWAN BRYAN, : | **FILED** |
| : | |
| Defendant. : | JUL - 1 2008 |
| _____ : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## STATEMENT OF THE OFFENSE

The parties in this case, the United States of America, and the defendant, Lawan Bryan (hereinafter "the defendant" or "Ms. Bryan"), stipulate and agree that the following facts are true and accurate:

The United States Department of Housing and Urban Development ("HUD") funds a public housing assistance program administered through the District of Columbia Housing Authority ("DCHA"), a District of Columbia agency, which enables low-income families, the elderly and disabled who meet specific criteria to reside in government-owned public housing facilities free of charge or at a reduced rent. Public housing assistance program applicants must complete and submit an application to DCHA in which applicants disclose their household composition, income, net family assets, and allowances and deductions. As part of the application, applicants sign a form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law. Based upon the information submitted in an application, including reported income and household composition, authorities from DCHA determine whether an applicant is eligible to reside in public housing and whether DCHA will partially or fully fund an applicant's rent.

Once an individual is selected to participate in the public housing assistance program, he or she is required to sign a Lease Agreement for Public Housing Dwelling Units (hereinafter "Dwelling Lease Agreement"). The Dwelling Lease Agreement, which is a month-to-month contract that is automatically renewed at the end of each month, has a provision that requires the tenant to notify DCHA "IMMEDIATELY IN WRITING IF ANY CHANGES OCCUR IN THE INCOME, EMPLOYMENT OF COMPOSITION OF HIS/HER FAMILY" so that the tenant's rent may be adjusted by the first day of the second month following the occurrence that necessitated the change. Public housing tenants are also required to annually re-certify their eligibility to participate in the program by completing an annual recertification form and providing documents verifying their household composition, income, net family assets, and allowances and deductions. Tenants are required to sign the recertification form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law.

At all times relevant to this matter, the defendant was a participant in the public housing assistance program administered through DCHA, and resided at                ,  Washington, D.C., within a public housing project known as Barry Farm Dwellings. Ms. Bryan signed her Dwelling Lease Agreement on August 2, 1999, and submitted annual recertifications in 2003, 2004 and 2005.

On August 2, 1999, the day Ms. Bryan signed her Dwelling Lease Agreement, up to and including August 1, 2006, Ms. Bryan was employed full time by the U.S. Department of Agriculture (USDA). During this period, Ms. Bryan's annual salary at USDA increased from $24,754 to $49,343, but she claimed her annual income was between $7,042 and $7,866. At no time during her employment with USDA did Ms. Bryan inform DCHA of her actual income as

required by the Dwelling Lease Agreement so that her rent could be adjusted. Further, on May 4, 2003, May 26, 2004, and April 13, 2005, Ms. Bryan knowingly and intentionally submitted false Applications for Continued Occupancy with her annual recertification forms by falsely claiming on each of the recertification forms that she earned $7,525, $7,675, and $7,866 respectively. Additionally, in an interview conducted on June 20, 2006, by Special Agent Greg Evans of the Office of the Inspector General for HUD, Ms. Bryan admitted not only that she had failed to report all of her income to DCHA, but also that she had forged the signature of her former supervisor on the Verification of Employment Income forms that she had submitted to the DCHA with her annual recertifications.

As a result of this fraudulent scheme, DCHA partially funded the defendant's rent in an amount greater than she was eligible to receive, and she converted the money for her own use. Had the defendant reported her true income, DCHA would have reduced the amount of public assistance to which she was entitled to receive. Through her scheme, Lawan Bryan caused the loss of $57,467 to DCHA.

_____
JEAN W. SEXTON
Assistant United States Attorney

_____
LAWAN BRYAN
Defendant

_____
BILLY L. PONDS
Attorney for Defendant