

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 29, 2008

*CR 08-168 (RMC)*

Billy L. Ponds, Esq.
The Ponds Law Firm
3218 O Street, N.W., Suite Two
Washington, D.C. 20007

**FILED**
JUL - 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>United States v. Lawan Bryan, USAO # 2007R00765</u>

Dear Mr. Ponds:

This letter sets forth the full and complete plea offer to your client, Lawan Bryan, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on **May 27, 2008**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

1. Your client agrees to plead guilty to Count II of a two-count Information which charges her with False Claims, in violation of 18 U.S.C. § 287 (Count I), and Fraud in Obtaining Public Assistance, in violation of District of Columbia Code § 4-218.01(a) (Count II). Your client further agrees to pay restitution in the amount of $57,467.

2. Your client understands that pursuant to D.C. Code §§ 4-218.01(a), 516(a), the maximum sentence that can be imposed is one year imprisonment, a fine of $500, or both, a $50 payment to the Crime Victims Compensation Fund, and disqualification from receiving certain welfare benefits.

3. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of the Offense. In addition, at the time of sentencing, the Government will move to dismiss the first count of the Information charging False Claims in violation of 18 U.S.C. § 287. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party"

within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. The Government further agrees that it will not oppose probation. If the Court sentences your client to a term of imprisonment, the Government will not oppose your client's voluntary surrender.

### Factual Stipulations

4. The parties agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines

5. Your client understands that the United States Sentencing Guidelines do not apply to this case.

### Restitution and Financial Arrangements

6. The parties agree that the amount of restitution owed is $57,467. Restitution is payable immediately unless ordered otherwise by the Court. Your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

### Court Not Bound by the Plea Agreement

7. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of sentencing issues.

### Sentencing Allocution

8. The Government retains its right to allocute at the time of sentencing but will not oppose probation. In the event that the Court sentences the defendant to a period of incarceration, the Government will not oppose your client's voluntary surrender. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter.

### Release Pending Sentencing

9. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond

status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Breach of Agreement

10. Your client understands and agrees that if, after entering this Plea Agreement, your client engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

11. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

12. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

13. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

14. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement

(including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

15. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

16. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the Untied States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

17. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

By: Jean W. Sexton
Assistant United States Attorney

4

## DEFENDANT'S ACCEPTANCE

I have read all of the pages of this Plea Agreement and have discussed it with my attorney, Billy L. Ponds, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 07/01/08

_____
Lawan Bryan, Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7-1-08

_____
Billy L. Ponds, Esq.
Attorney for the Defendant