UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.           : | Criminal Case No.: 08-168 (RMC) |
| : | |
| LAWAN BRYAN,     : | |
| : | |
| Defendant.      : | |
| : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

## FACTUAL BACKGROUND

1. Defendant pled guilty to Count II of a two-count Information which charged her with False Claims, in violation of 18 U.S.C. § 287 (Count I), and Fraud in Obtaining Public Assistance, in violation of District of Columbia Code § 4-218.01(a) (Count II). Defendant further agreed to pay restitution in the amount of $57,467.00. The defendant's plea was pursuant to an agreement with the government.

2. Pursuant to D.C. Code §§ 4-218.01(a), 516(a), the maximum sentence that can be imposed on defendant is one year imprisonment, a fine of $500, or both, a $50 payment to the Crime Victims Compensation Fund, and disqualification from receiving certain welfare benefits.

3. Pursuant to D.C. Code § 4-218.01(b), a person who for any reason obtains any payment of public assistance to which she is not entitled, or in excess of that to which she is entitled, shall be liable to repay such sum until the excess amount received has been repaid.

4. The United States Department of Housing and Urban Development ("HUD") funds a public housing assistance program administered through the District of Columbia Housing Authority ("DCHA"), a District of Columbia agency, which enables low-income families, the elderly and disabled who meet specific criteria to reside in government-owned public housing facilities free of charge or at a reduced rent. Public housing assistance program applicants must complete and submit an application to DCHA in which applicants disclose their household composition, income, net family assets, and allowances and deductions. As part of the application, applicants sign a form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law. Based upon the information submitted in an application, including reported income and household composition, authorities from DCHA determine whether an applicant is eligible to reside in public housing and whether DCHA will partially or fully fund an applicant's rent.

5. Once an individual is selected to participate in the public housing assistance program, he or she is required to sign a Lease Agreement for Public Housing Dwelling Units (hereinafter "Dwelling Lease Agreement"). The Dwelling Lease Agreement, which is a month-to-month contract that is automatically renewed at the end of each month, has a provision that requires the tenant to notify DCHA "IMMEDIATELY IN WRITING IF ANY CHANGES OCCUR IN THE INCOME, EMPLOYMENT OF COMPOSITION OF HIS/HER FAMILY" so that the tenant's rent may be adjusted by the first day of the second month following the occurrence that necessitated the change. Public housing tenants are also required to annually re-certify their eligibility to participate in the program by completing an annual recertification form and

providing documents verifying their household composition, income, net family assets, and allowances and deductions.  Tenants are required to sign the recertification form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law.

6. At all times relevant to this matter, the defendant was a participant in the public housing assistance program administered through DCHA, and resided at 1111 Stevens Road, S.E., Washington, D.C., within a public housing project known as Barry Farm Dwellings.  Ms. Bryan signed her Dwelling Lease Agreement on August 2, 1999, and submitted annual recertifications in 2003, 2004 and 2005.

7. On August 2, 1999, the day Ms. Bryan signed her Dwelling Lease Agreement, up to and including August 1, 2006, Ms. Bryan was employed full time by the U.S. Department of Agriculture (USDA).  During this period, Ms. Bryan's annual salary at USDA increased from $24,754 to $49,343, but she claimed her annual income was between $7,042 and $7,866.  At no time during her employment with USDA did Ms. Bryan inform DCHA of her actual income as required by the Dwelling Lease Agreement so that her rent could be adjusted.  Further, on May 4, 2003, May 26, 2004, and April 13, 2005, Ms. Bryan knowingly and intentionally submitted false Applications for Continued Occupancy with her annual recertification forms by falsely claiming on each of the recertification forms that she earned $7,525, $7,675, and $7,866 respectively. Additionally, in an interview conducted on June 20, 2006, by Special Agent Greg Evans of the Office of the Inspector General for HUD, Ms. Bryan admitted not only that she had failed to report all of her income to DCHA, but also that she had forged the signature of her former

supervisor on the Verification of Employment Income forms that she had submitted to the DCHA with her annual recertifications.

8. As a result of this fraudulent scheme, DCHA partially funded the defendant's rent in an amount greater than she was eligible to receive, and she converted the money for her own use. Had the defendant reported her true income, DCHA would have reduced the amount of public assistance to which she was entitled to receive. Through her scheme, Lawan Bryan caused the loss of $57,467 to DCHA.

## ARGUMENT

9. Given the nature and circumstances of the defendant's criminal actions, but also taking into account the defendant's lack of an extensive criminal record, her employment history, and her demonstrated remorse, the Government believes that a sentence of probation and mandatory restitution in the amount owed of $57,467.00 would be appropriate. Further, given the nature of the defendant's criminal actions, the Government feels that a sentence of 300 hours of community service by which defendant can give back to the community would likewise be appropriate.

10. While the factual proffer agreed to by the defendant clearly indicates her remorse with her actions, the fact remains that had the defendant reported her true income, DCHA would have reduced the amount of public assistance to which she was entitled to receive. Moreover, the defendant in her deception potentially deprived other citizens the opportunity to be awarded stable housing.

WHEREFORE, for all of the above reasons, the Government respectfully requests that the Court impose a sentence of probation, a requirement of full compensation to DCHA, and a term of community service.

                                              Respectfully submitted,

                                              JEFFREY A. TAYLOR
                                              United States Attorney

By:       _____/s/_____
            B. PATRICK COSTELLO, JR.
            Assistant U.S. Attorney
            D.C. Bar 483231
            U.S. Attorney's Office
            555 4th Street, N.W., Room 4235
            Washington, D.C. 20530
            202-514-7364
            B.Patrick.Costello@usdoj.gov